**Walter B. PAYLA, a.k.a. Johnny Ruiz, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–77232.

United States Court of Appeals, Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 13, 2009.*

Filed April 21, 2009.

Rodel E. Rodis, Esq., Law Offices of Rodel E. Rodis, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, Victor Ali, Esq., U.S. Department of Justice, Northern District of California, San Francisco, CA, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

## MEMORANDUM **

Walter B. Payla, a native and citizen of the Philippines, petitions for review of a Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Payla's failure to mention in his asylum application that Moro Islamic Liberation Front rebels killed his two uncles and a co-worker is a material omission that goes to the heart of his claim. *See Li v. Ashcroft,* 378 F.3d 959, 962, 964 (9th Cir. 2004) ("so long as one of the identified

grounds is supported by substantial evidence and goes to the heart of the petitioner's claim, we are bound to accept the IJ's adverse credibility finding.") (internal quotation and citation omitted). In the absence of credible testimony, Payla has failed to establish that he is eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Payla's CAT claim is based on the testimony the IJ found not credible, and he points to no other evidence to show it is more likely than not he would be tortured if returned to the Philippines, his CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.